UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK RAY PITTMAN,

Plaintiff,

v.

M. LEON GONZALEZ, et al.,

Defendants.

No.  2:25-cv-0449 AC P

ORDER

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint

The complaint alleges defendants Gonzalez, Cook, Stake, and Archie violated plaintiff's rights under the First, Eighth,[2] and Fourteenth Amendments. ECF No. 1.

Specifically, plaintiff alleges that on December 19, 2021, he filed a grievance against Archie for violating prison regulations and engaging in sexual misconduct. Id. at 7. Later, on

---

[2] Plaintiff alleges a violation of his Fifth Amendment rights regarding administrative segregation, describing an "abuse of power." ECF No. 4. However, the allegations do not implicate the Fifth Amendment, and it is unclear from the complaint whether he is intending to claim a violation of his Eighth Amendment right against cruel and unusual punishment or his Fourteenth Amendment right to due process. The court will therefore address both possibilities in screening the complaint.

2

December 31, 2021, Archie was the correctional officer on the floor when Gonzalez falsified a Rules Violation Report (RVR) against plaintiff for indecent exposure. Id. at 3, 7. Plaintiff asserts that Gonzalez issued the indecent exposure report despite several witnesses stating that it was plaintiff's cellmate, Robinson, who exposed himself to her and she threatened to send both plaintiff and Robinson to administrative segregation if Robinson took the blame. Id. at 3. As a result of the RVR, plaintiff was housed in administrative segregation for sixty-eight days. Id. at 4. Because of Archie's presence on the floor, plaintiff "feel[s] like" Archie orchestrated the indecent exposure allegation against him in retaliation for the grievance. Id. at 7.

On January 4, 2022, defendant Cook did not explain to plaintiff what an "investigative employee" was, even though plaintiff has a disability, and did not give him an opportunity to call witnesses. Id. at 5. On the day of the disciplinary hearing, defendant Stake failed to ask plaintiff if he wanted to attend, which resulted in plaintiff not attending the hearing. Id. at 6. If plaintiff had been notified and able to attend, he could have presented evidence and witnesses in his favor. Id.

### III. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any valid claims for relief under to the First, Eighth, or Fourteenth Amendments against defendants Gonzalez, Archie, Cook, or Stake.

While plaintiff's grievance against defendant Archie is constitutionally protected speech under the First Amendment, and orchestrating a false disciplinary is adverse conduct, plaintiff failed to allege specific facts to show that Archie was responsible for the false disciplinary. There are no facts in the complaint to indicate that Archie instructed Gonzalez to issue the RVR—plaintiff has only alleged that Archie was on the floor around the time that Gonzalez reported plaintiff for indecent exposure. Plaintiff also fails to allege any facts related to Gonzalez' motive for issuing the false disciplinary. For a retaliation claim to be valid, plaintiff must allege the specific wrongful conduct of each defendant and provide more than conclusory statements or speculation regarding their motivation.

////

3

Regarding plaintiff's due process claims, incarcerated persons have certain due process protections during disciplinary proceedings that result in the loss of good-time credits or the imposition of an atypical and significant hardship.  However, plaintiff has not alleged the loss of good-time credits, and although he asserts that he was placed in administrative segregation, he does not allege facts to suggest that his placement in administrative segregation constituted atypical or significant hardship.  Additionally, plaintiff's claim against Gonzalez for falsely accusing him of indecent exposure fails to state a due process violation, as there is no liberty interest in being free from false accusations while incarcerated.

Finally, while plaintiff alleges that his placement in administrative segregation violated his constitutional rights and was an "abuse of power," it is unclear whether he is asserting his right to due process or if he is asserting his right to be free from unconstitutional conditions of confinement.  Regarding his due process interests, plaintiff has the right to an informal review of the information supporting his placement in administrative segregation that includes an opportunity to submit a statement.  This must happen within a reasonable time after being confined to administrative segregation.  In this case, plaintiff does not allege that he was denied any of these procedures.  With respect to the conditions of confinement in administrative segregation, plaintiff has not alleged any facts about the conditions of his confinement to suggest that they were unconstitutional.

Because of these defects, the court will not order the complaint to be served on defendants.  Plaintiff may try to fix these problems by filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order.  See Attachment A.

IV.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

4

connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.    Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.    Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.    Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4.    Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

5

Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: January 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

<u>Attachment A</u>

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

### A.  <u>Retaliation</u>

To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate correctional goal.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

An adverse action is an act (or failure to act) by prison officials which causes harm, and "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out." <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (emphasis in original).  To show defendants retaliated "because of" the plaintiff's actions, the plaintiff must show the defendants were motivated by his protected conduct.  <u>See</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 592 (1998) (proof of defendant's general animosity toward plaintiff would not necessarily show her conduct was motivated by plaintiff's protected conduct).  Protected conduct refers to acts taken by the plaintiff that are protected by the First Amendment and may include lawsuits and grievances, as well as verbal complaints or threats to sue.  <u>See</u> <u>Rhodes</u>, 408 F.3d at 567 (prisoners have a First Amendment right to file prison grievances and pursue civil litigation); <u>Shepard v. Quillen</u>, 840 F.3d 686, 688 (9th Cir. 2016) (prisoners have "First Amendment right to report staff misconduct"); <u>Jones v. Williams</u>, 791 F.3d 1023, 1036 (9th Cir. 2015) (threats to sue constitute protected conduct); <u>Entler v. Gregoire</u>, 872 F.3d 1031, 1039 (9th Cir. 2017) (form of complaint, including verbal, "is of no constitutional significance").

### B.  <u>Disciplinary Due Process</u>

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the

charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call specific witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

The Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges." Wolff, 418 U.S. at 571 n.19. If a prisoner has not lost good-time credits, he may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing the disciplinary "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. O'Conner, 515 U.S. 472, 484 (1995).

### C. False Disciplinary

Prisoners do not have a liberty interest in being free from false accusations of misconduct. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("there are no procedural safeguards protecting a prisoner from false retaliatory accusations").

### D. Administrative Segregation Due Process

When an inmate is placed in administrative segregation, the only procedural requirements are that he be given "an informal, nonadversary review of the information supporting [his] administrative confinement, including whatever statement [he] wishe[s] to submit, within a reasonable time after confining him to administrative segregation." Hewitt v. Helms, 459 U.S. 460, 472 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 479-84 (1995).

### E. Conditions of Confinement

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and

citation omitted).  "[A] prison official violates the Eighth Amendment only when two requirements are met."  Id. at 834.

"First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  To be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000).  Rather, "extreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."  Hudson v. McMillian, 503 U.S. 1, 9 (1992). "More modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing."  Johnson, 217 F.3d at 732.  Placement in administrative segregation, by itself, does not rise to the level of an Eighth Amendment violation.  See Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) ("administrative segregation, even in a single cell for twenty-three hours a day, is within the terms of confinement ordinarily contemplated by a sentence" (citation omitted)).

Second, the prison official must subjectively have a "sufficiently culpable state of mind," "one of 'deliberate indifference' to inmate health or safety."  Farmer, 511 U.S. at 834 (citations omitted).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  He must then fail to take reasonable measures to lessen the substantial risk of serious harm.  Id. at 847.  If a prison official's response to a known risk is reasonable, they "cannot be found liable."  Id. at 845.  Negligent failure to protect an inmate from harm is not actionable under § 1983.  Id. at 835.

3