UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK RAY PITTMAN, | No.  2:25-cv-0449 AC P |
| Plaintiff, | |
| v. | ORDER |
| M. LEON GONZALEZ, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  By order filed January 27, 2025, the undersigned screened the complaint, found that plaintiff had not stated any cognizable claims for relief, and provided plaintiff an opportunity to amend the complaint.  ECF No. 9.  Plaintiff has now filed a first amended complaint.  ECF No. 12.

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable

1

legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations of the Complaint

The first amended complaint alleges that defendants Leon-Gonzalez, Stake, and Archie violated plaintiff's rights under the First and Fourteenth Amendments.  ECF No. 12.  Specifically, plaintiff alleges that on December 31, 2021,[1] Leon-Gonzalez falsified a Rules Violation Report (RVR) against plaintiff for indecent exposure in retaliation for plaintiff's use of the grievance system to complain about Leon-Gonzalez' partner, Archie.  Id. at 2.  Plaintiff had previously filed a grievance against Archie on December 19, 2021, for engaging in sexual misconduct and Leon-Gonzalez and Archie regularly worked together to harass inmates receiving mental health treatment.  Id. at 2-3.

////

---

[1] The date alleged in the complaint is December 31, 2022.  ECF No. 12 at 2.  However, for purposes of screening, the court presumes that "2022" is a typographical error and the correct year is "2021."  The original complaint identified the date of the RVR as December 31, 2021 (ECF No. 1 at 3-4), and Claim Two of the instant complaint indicates that disciplinary hearing for the RVR was held on January 26, 2022 (ECF No. 12 at 4).

2

On January 26, 2022, a disciplinary hearing was held on the RVR. Id. at 4. Stake falsely stated that plaintiff refused to attend the hearing, which denied him the ability to present evidence of his innocence.[2] Id. at 4. He was found guilty of the offense and lost ninety days of good-time credit. Id.

### III.    Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim First Amendment retaliation claim against defendant Leon-Gonzalez for writing plaintiff up on false charges in retaliation for plaintiff's use of the grievance process. Leon-Gonzalez' relationship with Archie and the timing of the RVR are sufficient at this stage to support an inference that Leon-Gonzalez was aware of the grievance against Archie and that the grievance was the motivation for the RVR. Plaintiff has also stated a Fourteenth Amendment due process claim against defendant Stake based on Stake's false claim that plaintiff refused to attend his disciplinary hearing, which deprived plaintiff of an opportunity to present evidence in his defense.

### IV.    Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief against defendant Archie. Although plaintiff alleges that the false RVR was in retaliation for the grievance against Archie, there are no facts to indicate that Archie was involved in Leon-Gonzalez' retaliatory conduct.

It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

### V.    Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

---

[2] Although plaintiff does not identify the evidence he sought to present in the amended complaint, the original complaint stated plaintiff sought to present a confession to the conduct by another inmate and the testimony of three inmate witnesses. ECF No. 1 at 6.

**The first option available to plaintiff is to proceed immediately against defendant Leon-Gonzalez on the retaliation claim and against defendant Stake on the due process claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendant Archie. The court will proceed to immediately serve the complaint and order a response from defendants Leon-Gonzalez and Stake.**

**The second option available to plaintiff is to file an amended complaint which restates the claims against Leon-Gonzalea and Stake and also fixes the problems described in Section IV against defendant Archie. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a First Amendment retaliation claim against defendant Leon-Gonzalez and a Fourteenth Amendment due process claim against defendant Stake. You have not alleged enough facts to state a claim for retaliation against defendant Archie because you have not explained how Archie was involved with the false RVR.

You have a choice to make. You may either (1) proceed immediately on your retaliation claim against Leon-Gonzalez and due process claim against Stake and voluntarily dismiss the claim against Archie or (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

VII.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has not alleged any facts against defendant Archie that state a claim for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his retaliation claim against defendant Leon-Gonzalez and due process claim against defendant Stake as set forth in Section III above, or to file an amended complaint.

3. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

4. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendant Archie.

DATED: March 16, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK RAY PITTMAN,

        Plaintiff,

    v.

M. LEON-GONZALEZ, et al.,

        Defendants.

No.  2:25-cv-0449 AC P

NOTICE OF ELECTION

Check one:

_____ Plaintiff wants to proceed immediately on his retaliation claim against defendant Leon-Gonzalez and due process claim against defendant Stake without amending the complaint. Plaintiff understands that by choosing this option, all claims against defendant Archie will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                          _____
                          Derek Ray Pittman
                          Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

A.  Retaliation

To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An adverse action is an act (or failure to act) by prison officials which causes harm, and "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out." Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (emphasis in original).  To show defendants retaliated "because of" the plaintiff's actions, the plaintiff must show the defendants were motivated by his protected conduct.  See Crawford-El v. Britton, 523 U.S. 574, 592 (1998) (proof of defendant's general animosity toward plaintiff would not necessarily show her conduct was motivated by plaintiff's protected conduct).  Protected conduct refers to acts taken by the plaintiff that are protected by the First Amendment and may include lawsuits and grievances, as well as verbal complaints or threats to sue.  See Rhodes, 408 F.3d at 567 (prisoners have a First Amendment right to file prison grievances and pursue civil litigation); Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (prisoners have "First Amendment right to report staff misconduct"); Jones v. Williams, 791 F.3d 1023, 1036 (9th Cir. 2015) (threats to sue constitute protected conduct); Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (form of complaint, including verbal, "is of no constitutional significance").

B.  Disciplinary Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the

1

charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call specific witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

The Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."  Wolff, 418 U.S. at 571 n.19.  If a prisoner has not lost good-time credits, he may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing the disciplinary "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  Sandin v. O'Conner, 515 U.S. 472, 484 (1995).

                C.  False Disciplinary

Prisoners do not have a liberty interest in being free from false accusations of misconduct. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("there are no procedural safeguards protecting a prisoner from false retaliatory accusations").